IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB AMENUVOR, | No. 1:21-CV-01272 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| MICHAEL ZAKEN, *et al.*, | |
| Respondents. | |

### MEMORANDUM AND ORDER

**MARCH 17, 2022**

Petitioner Jacob Amenuvor is serving a life sentence plus an additional thirteen and a half to thirty years for robbery, second-degree murder, and other lesser offenses. In July 2021, Amenuvor filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his 2000 state-court conviction and sentence.[1] Amenuvor, however, has already filed one such petition in federal court that was adjudicated on the merits.[2] Because Amenuvor has not obtained permission from the court of appeals to file a second or successive Section 2254 petition, this Court must dismiss the instant petition for lack of jurisdiction.

---

1   Doc. 1.
2   *See Amenuvor v. Lockett*, 4:07-cv-00681, Doc. 22 (M.D. Pa. Sept. 28, 2007).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes strict limitations on filing second or successive habeas corpus petitions in federal court.[3]  Of particular relevance for Amenuvor's instant petition, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed" unless the petitioner can satisfy one of two narrow exceptions.[4]  Those exceptions are either (1) reliance on a previously unavailable "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"; or (2) new facts that could not previously have been discovered by due diligence which would establish "by clear and convincing evidence that, but for constitutional error," no reasonable juror would have found the petitioner guilty.[5]  However, even if a petitioner can potentially meet one of these exacting preconditions, he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive] application."[6]

Amenuvor's petition is difficult to follow.  He appears to contend that he has discovered new evidence that would establish actual innocence.[7]  Specifically, he takes issue with a particular jury instruction regarding the elements of felony

---

[3]   *See generally* 28 U.S.C. § 2244.
[4]   *Id.* § 2244(b)(2) (emphasis added); *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).
[5]   28 U.S.C. § 2244(b)(2)(A)-(B).
[6]   *Id.* § 2244(b)(3)(A).
[7]   *See* Doc. 1 at 5-7 (citing, among other cases, *Schlup v. Delo*, 513 U.S. 298 (1995)).

3

murder given during his jury trial in 2000, claiming that he recently discovered the erroneous instruction and the existence of evidence presented at trial calling into question causation in the victim's death.[8]

We need not attempt to parse Amenuvor's new habeas claim or determine if he meets the "actual innocence" gateway set forth in *Schlup v. Delo*. Under the AEDPA, this Court simply does not have jurisdiction to entertain his second or successive Section 2254 petition.[9] If Amenuvor desires to press his new post-conviction claim in this Court, he must first obtain authorization from the United States Court of Appeals for the Third Circuit before he can file such a second or successive habeas petition.[10] Therefore, because it is clear that subject matter jurisdiction is lacking, the instant Section 2254 petition must be dismissed.[11]

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Amenuvor's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for lack of subject matter jurisdiction. The Court declines to transfer the petition to the court of appeals, as Amenuvor's petition does not appear to meet the gatekeeping requirements of Section 2244.

---

[8] *Id.* at 8-11.
[9] *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).
[10] 28 U.S.C. § 2244(b)(3)(A).
[11] *Burton*, 549 U.S. at 157; *Benchoff v. Colleran*, 404 F.3d 812, 820-21 (3d Cir. 2005).

2. A certificate of appealability shall not issue, as Amenuvor has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

3. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

5